E. J. PACK ET AL *v*. A. LINGENFELTER.

Pleading—Answer—Proof.
    A defendant will not be permitted to prove facts, not alleged in the
    answer. To prove fraud in a bond for title, it must be alleged in the
    answer, that fraud had been committed.

Boundaries—Possession of Bond for Title.
    The possession of a bond for title for a number of years, in which
    a specific boundary is designated, will estop a defendant from claiming
    a defect in the boundary.

APPEAL FROM GRANT CIRCUIT COURT.

July 6, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

The general rule is that a party seeking a specific execution of
a contract for the sale of real estate must aver an ability and
readiness to perform on his part. In this case appellee tenders
a deed to his vendee acknowledged before the proper officer, and
it appears that she *has sold and conveyed the lot, and is in no
condition to rescind the contract.* Besides, she and her vendee
have been in the quiet, uninterrupted possesion for ten years
nearly, and although she put in an answer she does not suggest
any defect of title in her vendor, nor demand an exhibition of his
title, from which facts it must be inferred that she was satisfied
that he is or was able to convey the lot.

As to the complaint about the boundary of the lot whether it
should extent to the Gregg & Zinn lot, or terminate at O'Hara's
line, that question is settled by her bond, she had possession of it,
retained it as the evidence of her right to a conveyance, it is not
alleged that the bond was changed at all, or if it was, that it was
done against her will and without her consent, nor does she aver
that the deed does not include all the land she purchased, without
therefore an averment that the bond has been fraudulently altered,
or changed so as to embrace less land than she purchased, against
her will, or that she has in some way been defrauded, and the bond

made to include less than she purchased, she cannot be permitted to show by proof a state of case which she will not allege.

Upon an examination of the record we see no error prejudicial to appellants, and concur with the circuit judge. The purchase money has been due a number of years without complaint of any defect of title, or diminution of quantity shown on the part of appellants, until coercive steps are taken to collect the money, and in order, therefore, to defeat the action some substantial defense should at least be presented.

Wherefore, the judgment is *affirmed*.

*Smith, for appellant.*

*Drane, for appellee.*